**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                                    CASE NO:  8:05-cr-366-T-30EAJ

LEWIS WILLIAMS
_____/

# ORDER

The Defendant in this case, having been sentenced prior to November 1, 2007, filed a motion *pro se* seeking a modification of sentence pursuant to 18 U.S.C. §3582(C)(2) and Amendment 706  [Dkt.35 ].  The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses in many cases for eligible defendants sentenced on or after November 1, 2007.  The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007.

Defendant pled guilty to a one count indictment alleging possession with the intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii).  The total drug quantity attributed to the defendant in this case was 238.6 grams of crack cocaine.  In accordance with 2D1.1(c)93), offenses involving at least 150 grams of cocaine base, but less than 500 grams of cocaine base, are assigned a base offense level of 34.  However, since the mandatory maximum penalty is life, the total offense level becomes a 37.  The defendant received a three level reduction for acceptance of

responsibility. The defendant was found to be a Career Offender. With a total offense level of 34 with a criminal history category VI, the imprisonment range was 262 to 327 months imprisonment. The Court sentenced the defendant at the low end of the sentencing guideline range to 262 months.

Retroactive application of the crack cocaine amendment would result in the same guideline imprisonment range, as the original guideline range was predicated upon the career offender provisions. Thus, the crack cocaine amendment has no impact as to this defendant. Therefore, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with USSG §1B1.10

IT IS therefore ORDERED and ADJUDGED that the Defendant's motion for modification of sentence [Dkt. 35] is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant:   Lewis Williams, #492688
             Hamilton Correctional Institution
             10650 S.W. 46th Street
             Jasper, FL 32052
U.S. Probation
Bureau of Prisons